IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY E. VAUGHN, Jr., :
        Plaintiff, :
        v. : Case No. 3:14-cv-243-KRG-KAP
TONIA VAUGHN, et al., :
        Defendants :

Report and Recommendation

Recommendation

Plaintiff's motion for reconsideration, docket no. 19 was referred to me under 28 U.S.C.§ 636(b)(3). It should be denied.

Report

I previously recommended at docket no. 15 that this matter be dismissed as malicious or at the least stayed because in light of the pending criminal prosecution of both plaintiff and defendant I regarded plaintiff's conducting of this litigation to be for an improper purpose. The Court considered plaintiff's objections, docket no. 17, and on de novo review dismissed the complaint for a different reason, namely that the allegation of diversity jurisdiction was insufficient.

Plaintiff's motion cites district court decisions from this circuit as well as decisions from other circuits that he urges are persuasive support for the proposition rejected by the Court, that an inmate can make himself a citizen of a state where he does not reside by a bona fide declaration of intent to move there upon release, at least when there are family ties to the intended place of relocation.

There is a distinction between the purpose of a motion to alter the judgment under Fed.R.Civ.P. 59 (or to vacate under Rule 60) and an appeal: a Rule 59 motion should not be viewed or used as a low cost method of arguing the merits of legal rulings that are reviewable on direct appeal. See e.g. Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir.2005).

Plaintiff correctly cites the legal standard for a motion to reconsider: a party must show at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [acted]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Café ex rel. Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

But plaintiff misapplies this standard: there is no new law, there are no new facts, and there is no authoritative precedent on the question of an inmate's domicile that make this Court's decision a clear error of law. Where there is no precedential authority that would indicate that a court overlooked settled law in choosing to decide a question of law one way, the appropriate remedy for the disappointed party is to proceed by appeal. A motion to reconsider that asks for nothing more than that the court reverse its decision on an unsettled point of law is a waste of judicial resources, because in that case all sides

2

of an issue would have equally meritorious reasons for endlessly making *seriatim* requests for reconsideration.

If the court were inclined to reconsider its ruling I continue to recommend that this matter should be dismissed for reasons other than the absence of jurisdiction. But there is no good reason for reconsidering the dismissal for lack of jurisdiction.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: 19 October 2015

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Gary E. Vaughn, Jr., #15-01520 or BOP Reg. No. 16373-067
Cambria County Prison
425 Manor Drive
Ebensburg, PA 15931

Tonia Vaughn
133 Sumner Street
Cresson, PA 16630